# UNITED STATES DISTRICT COURT
for the
District of Minnesota

Armon Nahal )
)
)
)
_____ )
*Plaintiff(s)* )
v. ) Civil Action No. 18-cv-631 DWF/KMM
)
Allina Health System )
)
)
_____ )
*Defendant(s)* )

RECEIVED APR 11 2018 CLERK U.S. DISTRICT COURT MINNEAPOLIS, MINNESOTA

SCANNED U.S. DISTRICT COURT MPLS

Ammended complaint.
Ammended complaint.

- KRISTI GULLICKSON
  - Violation under Americans with Disabilities Act.
  - Violation under Civil Rights Act; sexism, nationality
  - Violation under Employment laws/Rights

- Kelly MORITZ
  - Violation under Civil Rights Act. Nationality. Fraudulent incident Reports

- MATT KRESL
  - Violation under ADA, Civil Rights, HIPAA; Fraudulent Reporting
  - malicious Targetting.

- MATT WOLFF
  - Violation under ADA, Civil Rights; malicious Targetting

- Michael HAIGHT
  - Violation under Civil Rights; Fraudulent Reporting.

- LEHLIA PASCHKE
  - Violation under ADA, Civil, Employment laws/Rights.

- Susan Shorter
  - Violation of Civil Rights/Fraudulent Reporting.

- Jen HANSON, ANNE STEIN
  Violation under Civil Rights. Fraudulent Reporting.

CASE 0:18-cv-00631-DWF-KMM   Document 1   Filed 03/06/18   Page 1 of 10

18CV631 DWF/KMM

**RECEIVED**
MAR 06 2018
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

STATE OF MINNESOTA      DISTRICT COURT

COUNTY OF HENNEPIN      FOURTH JUDICIAL DISTRICT
Case Type: Civil

ARMON NAHAL,

           Plaintiff,      Court File No. _____

vs.      COMPLAINT

ALLINA HEALTH SYSTEM,

           Defendant.

---

TO:    DEFENDANT ABOVE-NAMED

Armon Nahal, Plaintiff above-named, for his causes of action against Allina Health System, Defendant above-named, states and alleges as follows:

### NATURE OF CLAIM

1. This is an action brought to secure relief for violations of rights guaranteed by the Minnesota Human Rights Act, § 363A.01 et seq. ("MHRA"), the Minneapolis Civil Rights Ordinance §§ 139.40 (b)(3) as well as any rights created by contract as part of Mr. Nahal's membership in the Service Employee's International Union ("SEIU") arising from the Collective Bargaining Agreement negotiated by Mr. Nahal's union on his behalf. Additionally, Plaintiff shall be filing charges of discrimination with the Equal Opportunity Employment Commission.



SCANNED
MAR 06 2018
U.S. DISTRICT COURT MPLS

1

## I. PARTIES AND JURISDICTION

1. Plaintiff Armon Nahal (hereinafter referred to as "Plaintiff" or "Plaintiff Nahal") is an adult male, Minnesota resident, currently residing in Hennepin County.

2. Defendant Allina Health System (hereinafter "Defendant") is a Minnesota company with its primary place of business located at 2925 Chicago Avenue South, Suite 120, Minneapolis, MN 55404.

3. All events leading up to this cause of action occurred at or near the pharmacy of defendant at Abbott Northwestern Hospital at 800 East 28th Street, Minneapolis, MN 55407.

## II. FACTS

4. Minnesota Statutes § 363A.03, subdivision 15 defines an "employee" as "an individual who is employed by an employer and who resides or works in this state." Subdivision 16 defines an "employer" as "a person who has one or more employees."

5. At all times material, Plaintiff Nahal was an employee of the Defendant, and the Defendant was an employer within the meaning of the Minnesota Human Rights Act.

6. Defendant hired Plaintiff Nahal as a pharmacist for Allina Health System during the calendar year 2005, at which time he began working in the pharmacy at Abbott Northwestern Hospital in Minneapolis.

7. During the time of his employment, Plaintiff Nahal performed various tasks, which included but was not limited to filling medical prescriptions for patients properly authorized by doctors licensed in Minnesota.

8. Just before or during the first year of Mr. Nahal's employment, defendant learned that plaintiff was homosexual.

2

9. Just before or during the first year of Mr. Nahal's employment, defendant learned that plaintiff was Iranian.

10. Just before or during the first year of Mr. Nahal's employment, defendant learned that plaintiff was a Muslim.

11. Just before or during the first year of Mr. Nahal's employment, defendant learned that plaintiff had a medical condition known as Attention Deficit Hyperactive Disorder ("ADHD").

12. In 2008, because of his same sex-orientation, his Iranian and/or Muslim heritage, or his ADHD condition, defendant attempted to terminate Mr. Nahal's employment based on allegations of conduct which were either untrue or resulted from his ADHD condition.

13. At all times relevant, Mr. Nahal was a member of the local union 113, Service Employees union ("SEIU").

14. In 2008, because of his same sex-orientation, his Iranian and/or Muslim heritage, or his ADHD condition, defendant attempted to terminate Mr. Nahal in violation of the collective rights negotiated as stated in the collective bargaining agreement in effect at that time.

15. In 2008, Mr. Nahal defeated the defendant's attempt to terminate him.

16. From 2008 to the present time, the defendant has engaged in harassment and discrimination against Mr. Nahal by way of conduct described herein.

17. From 2008 to the present time, Mr. Nahal has requested additional training from the defendant provided to other employees on multiple occasions and has been denied the opportunity to receive such training, which may have allowed him an increase in pay and/or other job opportunities.

18. At all times relevant, the defendant allowed some pharmacists to be placed on certain sub-specialty groups known as "teams."

19. In one instance, during a staff meeting with the defendant's agent and then manager Krisi Gullickson, Mr. Nahal requested placement on a sub-specialty group known as the "Critical Care Team."

20. Ms. Gullickson said to Mr. Nahal: "You will not apply to any critical care team."

21. At all times relevant, Mr. Nahal has not used drugs and has taken medication only as prescribed for his ADHD condition.

22. In the calendar year 2014, Mr. Nahal spoke with agent of defendant Rabi Nahas who said to Mr. Nahal: "You're just another meth addict gay guy."

23. From 2008 to the present time, on dozens of occasions, with the precise number to be determined at trial, defendant has required the appearance of Mr. Nahal at meetings with little or no notice, meetings at which the defendant did not require the appearance of other pharmacy employees. *[handwritten: Multiple unannounced meetings. or being informed of meetings 30 minutes before start of shift.]*

24. In August of 2014, as a result of stress and anxiety caused by demands made by defendant, including but not limited to his appearance at multiple meetings not required of other employees, Mr. Nahal suffered a seizure, collapsed and endured a severe trauma to his head in his apartment building in Minneapolis, Minnesota. *[handwritten: Due to sheer stress and panic (worry) pressure of relentless number of meetings, on August 4th, 2014, my unconscious body found in hallway of my building collapsed]*

25. As a result of stress of stress and anxiety caused by the demands made by defendant and resulting seizure and collapse, Mr. Nahal was hospitalized for period of two days as a result of this seizure and head trauma. *[handwritten: and paramedic took me to HCMC where I stayed 2 days unconscious]*

26. In the spring of 2015, Union Steward Rabih Nahas ("Mr. Nahas") appeared at one of the meetings at which defendant demanded an appearance by Mr. Nahal. At this meeting, Mr.

4

Nahas threw some papers down on the table and screamed at plaintiff: "Can't you see Armon?!?! They are just setting you up to fire you!"

27. From 2008 to 2016, the defendant repeatedly alleged complaints had been made against Mr. Nahal but never informed him of the identity of the person complaining ("complainant") nor provided Mr. Nahal a chance to address the alleged complainant(s).

28. From 2008 to 2014, Mr. Nahal was informed by the defendant that he could appear for his shift at 3:00pm on days that plaintiff was scheduled to work.

29. In 2014 and 2015, the defendant issued warnings, both written and oral, for tardiness despite his arrival by the 3:00pm start time previously permitted by the defendant. *[handwritten: Employee Occupational Human [?] Abbott Hospital knew/informed of my ADHD disability. Their job is to approve of my conditions/accommodation needs, and let Pharmacy Museum and HR know of my workplace approved accommodation request]*

30. Mr. Nahal's co-worker Brenda Sterner informed plaintiff that she had been tardy but was not warned in the same manner as plaintiff was warned for his alleged tardiness.

31. Mr. Scott Roby, a co-worker of plaintiff, informed plaintiff that he was asked to author a written employment warning against plaintiff for conduct which Mr. Roby did not believe required a written warning.

32. Based on information and belief, the plaintiff believes that actions described herein were due to one or more of the following: *[handwritten: But both HR & Pharmacy management with involvement of Employee Occupational Health violated my HIPAA & my labor & civil rights.]*

   a. Plaintiff's Iranian heritage;
   b. Plaintiff's Muslim faith;
   c. Plaintiff's same-sex orientation;
   d. Plaintiff's attention deficit hyperactivity disorder condition.

33. Plaintiff has suffered considerable emotional duress from the following actions engaged in by the defendant:

5

a. Repeated fabrications of events which portrayed plaintiff in a negative light which did not occur;

b. Repeated demands that plaintiff appear at meetings at which his co-workers' presence was not required;

c. Repeated warnings for incidents which did not occur or were grossly exaggerated;

d. Abusive name calling including insults which degraded his same-sex sexual orientation;

    *[handwritten note: Just once by Mr. Nahas, calling Mr. Nahal Another meth addicted gay men, After Mr. Nahal disclosing his ADHD to the union steward Mr. Nahas.]*

e. Repeated lack of notice to plaintiff regarding employment meetings at which false allegations were made against him.

## ~~COUNT I:~~ VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT

34. Plaintiff incorporates the allegations stated in the preceding paragraphs.

35. The Minnesota Human Rights Act, Minn. Stat. § 363A.08 subd. 2 provides that, "[I]t is an unfair employment practice for an employer, because of race, color, creed, religion, national origin, …disability, sexual orientation … to … discharge an employee; or discriminate against a person with respect to hiring, tenure, compensation, terms, upgrading, conditions, facilities, or privileges of employment."

36. Under the Minnesota Human Rights Act, Minn. Stat. § 363A.03 subd. 12, Subd. 12, "Disability" means any condition or characteristic that renders a person a disabled person. A disabled person is any person who (1) has a physical, sensory, or mental impairment which materially limits one or more major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment.

6

37. Under the Minnesota Human Rights Act, Minn. Stat. § 363A.03 subd. 12, Subd. 44, "Sexual orientation" means having or being perceived as having an emotional, physical, or sexual attachment to another person without regard to the sex of that person or having or being perceived as having an orientation for such attachment, or having or being perceived as having a self-image or identity not traditionally associated with one's biological maleness or femaleness.

38. Under the Minnesota Human Rights Act, Minn. Stat. § 363A.03 subd. 25, "National origin" means the place of birth of an individual or of any of the individual's lineal ancestors.

39. Mr. Nahal qualifies under the statute as a protected person because of his ADHD, his Iranian and/or Muslim heritage and his same-sex orientation.

40. As a direct result of the Plaintiff's heritage, religion, orientation and disability, Defendant discriminated against the Plaintiff by way of the abusive conduct described herein.

41. Upon information and belief, there is a causal connection between Plaintiff's complaints and Defendant's harassing conduct.

42. As a result of the Defendant's discriminatory and unlawful conduct, the Plaintiff has suffered damages in excess of $50,000, with a precise amount to be proven with specificity at trial.

## COUNT II: RACE AND COLOR DISCRIMINATION MINNEAPOLIS CIVIL RIGHTS ORDINANCE MCRO § 139.40(b)(3)

43. Plaintiff realleges the foregoing paragraphs as though fully set forth herein.

**Disparate Treatment and Disparate Impact Discrimination, Harassment and Retaliation.**

44. Defendant's treatment of Plaintiff during his employment constitutes disparate treatment, disparate impact, harassment, and retaliation. Defendant

7

denied Plaintiff opportunities based upon his race and color, his national heritage or religion or his same sex orientation. This denied Plaintiff the opportunity for advancement and promotion in employment, and other rights, conditions and privileges of employment.

45. Plaintiff made timely reports to Defendant of these unlawful actions.

46. These actions subjected Plaintiff to discrimination, harassment, and retaliation because of race and color within the meaning of MCRO § 139.40(b)(3), and Defendant's actions, therefore, constitute unfair employment practices against Plaintiff, for which Defendant is liable.

47. As a result of these acts of discrimination, Plaintiff has been harmed and has lost salary and benefits, has been denied employment opportunities and advancement, and has suffered and will continue to suffer garden variety emotional pain and anguish, and compensatory damages in an amount in excess of ~~$75,000~~ 240,000

## COUNT III HARASSMENT

48. The Plaintiff incorporates the allegations stated in the preceding paragraphs.

49. Minnesota has long held that plaintiffs who suffer harassment have a right to civil damages for harassment in the workplace.

50. ~~Defendant wrongfully terminated Ms. Nahal's employment in violation of the public policy of the State of Minnesota because Ms. Nahal was terminated for reasons relating to her gender including but not limited to her inalienable rights as a woman to conceive and give birth to a child.~~

51. As a result of the aforesaid conduct, Ms. Nahal has suffered damages in excess of ~~$75,000~~ 240,000 with a precise amount to be proven with specificity at trial.

8

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Judgment for an award of damages in excess of $~~75,000~~ 240,000 against the Defendant as just compensation for all general, special, incidental and consequential damages suffered by Plaintiff Nahal as a result of the Defendants' conduct.

2. Judgment in a fair and reasonable amount for costs of litigation and reasonable attorney's fees; and

3. Such additional relief as this Court may deem just and equitable.

~~MICHAEL HEALEY LAW, LLC.~~

October ___, 2015

~~By Michael B. Healey #389283~~
~~1599 Selby Avenue Suite 106 L.L.~~
~~St. Paul, Minnesota 55104~~
~~Telephone: 651-699-4030~~
~~mikeh@michaelhealeylaw.com~~
**ATTORNEY FOR PLAINTIFF**
**ARMON NAHAL**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA   )
                     ) ss
COUNTY OF HENNEPIN   )

Plaintiff Armon Nahal, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have served this civil Complaint through my attorney in good faith and solely for the purposes set forth in it.

_____
Armon Nahal

Subscribed and sworn to before me
this _____ day of _____, 2012.

_____
Notary Public