# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ARMON NAHAL, | Case No. 18-cv-631-DWF-KMM |
| Plaintiff, | |
| v. | |
| ALLINA HEALTH SYSTEM; KRISTI GULLICKSON; KELLY MORITZ; MATT KRESL; MATT WOLFF; LEHLIA PASCHKE; SUSAN SHORTER; JEN HANSON; and ANNE STERN; | **ORDER** |
| Defendant. | |

On August 24, 2018, the Court entered an Order requiring Mr. Nahal to withdraw several subpoenas he served in connection with the upcoming hearing on the motion to dismiss filed by several defendants. (ECF No. 53.) The Court also ordered Mr. Nahal to make reasonable efforts to notify the third parties that he has served with such subpoenas that they are not required to appear for the September 5th hearing. (*Id.*) In that Order, the Court explained:

> The September 5, 2018 hearing on the motion to dismiss the Second Amended Complaint is not an evidentiary hearing. It is an oral argument at which the Court considers only the sufficiency of the allegations in Mr. Nahal's pleadings, as opposed to evidence supporting or contradicting those assertions. As a result, the moving defendants are correct that any subpoenas issued by Mr. Nahal are improper at this stage of the litigation.

1

(*Id.*)

In an email message dated August 25, 2018, which the Court instructed Mr. Nahal to file formally, Mr. Nahal has asked the Court "to allow [his] evidence, subpoenas, to be present on the hearing day," because the testimony the subpoenaed witnesses would provide would be "crucial to [his] case." (ECF No. 54.) He indicates that the individuals he subpoenaed would provide relevant testimony about "violations of [his] ADA, HIPAA, Civil Rights, and underneath of it also Labor Laws, collusion between Pharmacy Management and Pharmacy Union SEIU." (*Id.*) Finally, he asserts that "denial of [his] subpoenas is obstruction of justice." (*Id.*)

The Court construes Mr. Nahal's message as a request for reconsideration of the Court's August 24, 2018 Order. This request is denied. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). Mr. Nahal identifies no such reason for the Court to revisit its decision. His service of subpoenas for the September 5, 2018 hearing was, and still is, improper.

Mr. Nahal's August 25, 2018 message could alternatively be construed as a request for the Court to convert the hearing on the motion to dismiss into an evidentiary hearing concerning the merits of his case. Any such request is also denied. The defendants have filed a procedurally appropriate motion to dismiss the second amended complaint in which Mr. Nahal has alleged various claims against them.

Under these circumstances, before any evidentiary hearing or other proceedings take place, the defendants are entitled to have the Court determine whether the factual allegations in Mr. Nahal's pleading, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). Accordingly, at the September 5, 2018 hearing, Mr. Nahal and counsel for the defendants may present oral argument about the sufficiency of the allegations in the second amended complaint and the substance of the defendants' arguments in their motion to dismiss.

For these reasons, Mr. Nahal's letter request **(ECF No. 54)** is **DENIED**.

Date: August 29, 2018

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge