UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ARMON NAHAL, | Case No. 18-cv-631-DWF-KMM |
| Plaintiff, | |
| v. | |
| ALLINA HEALTH SYSTEM; KRISTI GULLICKSON; KELLY MORITZ; MATT KRESL; MATT WOLFF; LEHLIA PASCHKE; SUSAN SHORTER; JEN HANSON; and ANNE STERN; | **REPORT AND RECOMMENDATION** |
| Defendant. | |

This is an employment discrimination lawsuit filed by the Plaintiff, Armon Nahal. Mr. Nahal filed his original Complaint on March 6, 2018, after which the Court required him to file an amended complaint setting forth the basis for federal subject-matter jurisdiction. (Order (Mar. 14, 2018), ECF No. 3.) Mr. Nahal filed an Amended Complaint on March 29, 2018, and filed yet another amended pleading on April 11, 2018. (Second Am. Compl., ECF No. 10.) In an Order dated June 4, 2018, the Court deemed the April 11th filing the operative pleading in the case and referred to that submission as the Second Amended Complaint. (Order (June 4, 2018), ECF No. 21.)

This matter is now before the Court on the Moving Defendants'[1] Motion to Dismiss the Second Amended Complaint. (ECF No. 38.) In their motion, the Moving Defendants argue that Mr. Nahal has failed to state a claim for the following reasons:

---

[1] The motion to dismiss was filed by the Defendants Kristi Gullickson, Michael Haight, Jen Janson, Matt Kresl, Kelly Moritz, Anne Stern, and Matt Wolf. The Court refers to these individuals collectively as the "Moving Defendants." Based on the record before the Court, Allina Health System, Lehlia Paschke, and Susan Shorter have not been served. The Court addresses this failure of service in Part IV of this Report and Recommendation.

1

(1) his pleadings lack sufficient factual allegations;
(2) he cannot bring a claim under Title VII of the Civil Rights Act of 1964 or the Americans with Disabilities Act against individuals;
(3) none of the individual defendants were named in Mr. Nahal's charge to the Equal Employment Opportunity Commission or the Minnesota Department of Human Rights;
(4) any claim under the Minnesota Human Rights Act ("MHRA") is time-barred;
(5) he failed to exhaust any claims under the Minneapolis Civil Rights Ordinance with the Minneapolis Commission on Civil Rights;
(6) he failed to adequately plead any claim for "fraudulent reporting";
(7) no cause of action exists for his "malicious targeting" or "harassment" claims; and
(8) no cause of action exists for his Health Insurance and Portability Accountability Act ("HIPPA") claims against Mr. Kresl.

(Defs.' Mem. at 6–12, ECF No. 40.) For the reasons that follow, the Court recommends that the Second Amended Complaint be dismissed.

## I. The Factual Allegations

For purposes of this Report and Recommendation, the Court assumes that the well-pleaded factual allegations in the Second Amended Complaint are true. The Court also reviews Mr. Nahal's pleadings liberally because he is a pro se litigant. This means that the Court will attempt to place his factual allegations in the proper legal framework, but it does not permit the Court to assume facts that Mr. Nahal has not alleged. Below, the Court has organized Mr. Nahal's allegations according to the general categories of allegedly wrongful conduct suggested by his pleadings.

### *The Named Defendants*

The Second Amended Complaint names ten separate Defendants. Most of the factual allegations concern Defendant Allina Health System ("Allina"). However, Mr. Nahal begins his pleading with a list of individual Defendants accompanied by claims Mr. Nahal asserts against them. He claims Kristi Gullickson violated his rights under the ADA and Title VII of the Civil Rights Act ("sexism, nationality"). (Second Am. Compl. at 1.) Kelly Moritz allegedly committed violations of Title VII ("nationality, fraudulent incident reports"). (*Id.*) Matt Kresl is alleged to have violated his rights under the ADA and HIPAA and engaged in "fraudulent reporting" and

2

"malicious targeting." (*Id.*) Mr. Nahal claims that Matt Wolff violated his rights under the ADA and Title VII and engaged in "malicious targeting." (*Id.*) Michael Haight also allegedly violated Title VII and engaged in "fraudulent reporting." (*Id.*) He asserts that Lehlia Paschke committed violations of the ADA and Title VII.[2] (*Id.*) Susan Shorter allegedly violated his rights under Title VII and engaged in "fraudulent reporting." (*Id.*) And finally, Jen Hanson and Anne Stern allegedly violated his right under Title VII and engaged in "fraudulent reporting." (*Id.*)[3]

### *Allina Attempts to Terminate Mr. Nahal in 2008*

Allina hired Mr. Nahal as a pharmacist in 2005, and he began work in the pharmacy at Abbott Northwestern Hospital in Minneapolis. (Second Am. Compl. ¶ 6.) Just before or during the first year of Mr. Nahal's employment, Allina learned that he was homosexual, Iranian, a Muslim, and that he had a medical condition known as Attention Deficit Hyperactive Disorder ("ADHD"). (*Id.* ¶¶ 8–11.) "In 2008, because of his same sex-orientation, his Iranian and/or Muslim heritage, or his ADHD condition, [Allina] attempted to terminate Mr. Nahal's employment based on allegations of conduct which were either untrue or resulted from his ADHD condition." (*Id.* ¶ 12.) Mr. Nahal was also a member of local union 113, Service Employees union ("SEIU"), and he asserts that Allina's attempts to terminate him violated his collective bargaining rights. (*Id.* ¶¶ 13–14.) Mr. Nahal states that he was "terminated by the management, Kristi Gullickson," but was "reinstated through the union rules," (Pl.'s Resp. at 1, ECF No. 47), and thus "he defeated [Allina's] attempt to terminate him." (Second Am. Compl. ¶ 15.)

---

[2] In another submission, Mr. Nahal states that Lehlia Paschke "accused [him] of terrorism, would be terrorist." (ECF No. 14-1 at 1.)

[3] The Court construes Mr. Nahal's references to "malicious targeting" to allege that he was singled out for discrimination based on matters such as his nationality, religion, sexual orientation, and disability. The Court also construes his references to "fraudulent reporting" by some of the Defendants to allege that those individuals were responsible for making complaints against him that were either false or exaggerated. These allegations are properly understood as part of his employment-discrimination claims and not stand-alone claims for relief. Accordingly, the Court will not separately analyze whether Mr. Nahal stated a claim for "malicious targeting" or "fraudulent reporting."

### *Denial of Training Opportunities*

After Mr. Nahal avoided termination in 2008, he alleges that Allina discriminated against him by denying him additional training that was provided to other employees. (Second Am. Compl. ¶ 17.) Although Allina places pharmacists in subspecialty groups referred to as "teams," Defendant Kristi Gullickson told Mr. Nahal: "You will not apply to any critical care team" after he requested such a placement. (*Id.* ¶¶ 18–20.)

### *Required Meetings*

Allina also required Mr. Nahal to attend dozens of meetings with little or no notice, but it did not require this of other pharmacists or employees. (*Id.* ¶ 23.) Mr. Nahal asserts that Allina required him to appear at "multiple unannounced meetings" and was sometimes only informed of the meetings "30 minutes before [the] start of [a] shift." (*Id.*) As a result of the stress and anxiety caused by Allina's treatment, including the requirement that he appear at so many meetings, in August of 2014, Mr. Nahal suffered a seizure in his Minneapolis apartment and endured severe head trauma. (Second Am. Compl. ¶ 24.) He was hospitalized for two days following the incident. (*Id.*)

Rabi Nahas, who is a union steward, appeared at one of the meetings Allina required Mr. Nahal to attend, threw some papers down on a table and screamed at Mr. Nahal: "Can't you see Armon?!?! They are just setting you up to fire you!" (Second Am. Compl. ¶ 26.)

### *Tardiness Complaints*

Although Allina informed Mr. Nahal that he could appear for his shift at 3:00 p.m. on days when he was scheduled to work from 2008 to 2014, Allina issued written and oral warning for tardiness even though he showed up to work on time. (Second Am. Compl. ¶¶ 28–29.) Another Allina employee, Brenda Sterner, informed Mr. Nahal that she had been late to work but was not warned in the same manner as he was for his alleged tardiness. (*Id.* ¶ 30.)

### *Other Allegedly Improper Complaints*

Between 2008 and 2016, Allina "repeatedly alleged complaints had been made against Mr. Nahal but never informed him of the identity of the person complaining

4

nor provided Mr. Nahal a chance to address the alleged complainant(s)." (Second Am. Compl. ¶ 27.) Scott Roby, one of Mr. Nahal's co-workers, told Mr. Nahal that he was asked to author a written employment warning against Mr. Nahal for conduct that Mr. Roby did not believe required a written warning. (*Id.* ¶ 31.) Kelly Moritz and Michael Haight allegedly lied in incident reports regarding Mr. Nahal and "colluded [with] and [were] supported by management Matt Kresl, Kristi Gullickson, and HR rep. Lehlia Paschke." (Pl.'s Resp. at 1.)

### *Insulting Remark Regarding Sexual Orientation*

Mr. Nahal states that he has not used drugs and has taken medication only as prescribed for his ADHD condition, but an Allina employee, Rabi Nahas, told him "You're just another meth addict gay guy." (Second Am. Compl. ¶ 22.) Mr. Nahal indicates that this is the only incident of its kind. (*Id.* ¶ 33.d.)

### *ADA and HIPAA Issues*

Mr. Nahal alleges that his ADA accommodations were "delayed/ignored for years" by Allina management, requiring him to self-accommodate his work by using elevated and standing work computers throughout the hospital. (Pl.'s Resp. at 1.) He "rarely complained" about management ignoring accommodations. (*Id.*) It was only after Mr. Nahal eventually complained about having to use "elevated standing work computers that are not assigned to the Pharmacy Department," that he received "accommodations at 2 decent workstations." (*Id.*)

Mr. Nahal states:

> Employee Occupational Health at Abbott Hospital knew/informed of my ADHD disability. Their job is to approve of my condition and accommodation needs, and let pharmacy management and HR know of my work place approved accommodation request. But both HR & pharmacy management with involvement of Employee Occupational Health violated my HIPAA & my labor & civil rights.

(Second Am. Compl. ¶ 29.) He alleges that an employee occupational health employee, David Dubovich, along with Kristi Gullickson and Matt Kresl, violated his HIPAA rights. (Pl.'s Resp. at 1.) When an inquiry was made about a workplace accommodation, "Matt Kresl mentioned [Mr. Nahal's] doctor's name," which Mr. Nahal contends he should not have had access to. (*Id.*)

5

### *Harm Suffered and Remedies*

"Based on information and belief," Mr. Nahal asserts that these actions were due to his Iranian heritage, Muslim faith, same-sex orientation, and ADHD condition. (Second Am. Compl. ¶ 32.) He has suffered considerable emotional distress from Allina's alleged fabrication of events portraying him in a negative light; demands that he appear for meetings; warning for incidents that did not occur or were grossly exaggerated; and abusive name calling by Mr. Nahas. (*Id.* ¶ 33.) Mr. Nahal seeks an award of damages in excess of $240,000 against Allina. (Second Am. Compl., Prayer for Relief ¶ 1.) Elsewhere, he clarifies that he is seeking damages in excess of his "annual salary for the past 2 years and return to [his] job with full compensation and benefits…." (ECF No. 12 at 1.)

## II. Motion to Dismiss Standard

To survive a motion to dismiss for failure to state a claim, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 500 U.S. 544, 570 (2007). This standard does not require the inclusion of "detailed factual allegations" in a pleading, but the complaint must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In applying this standard, the Court must assume the facts in the complaint to be true and must construe all reasonable inferences from those facts in the light most favorable to the plaintiff. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). But the Court does not need to accept as true any wholly conclusory allegations, *Hanten v. School District of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir.1999), or legal conclusions that the plaintiff draws from the facts pled, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

Because Mr. Nahal is representing himself in this litigation, the Court reads his complaint liberally. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). "When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Id.* (citing *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). The Court will also consider statements in Mr. Nahal's memoranda and oral argument

in analyzing the sufficiency of the allegations in the complaint. *See Pratt v. Corrections Corp. of Am.*, 124 Fed. App'x 465, 466 (8th Cir. Feb. 14, 2005) ("Initially, we note the district court was required to consider the allegations not only in Mr. Pratt's pro se complaint, but also his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings.").

### III. Analysis

As explained below, the Court concludes that Mr. Nahal has failed to state a claim for relief against the Moving Defendants under the ADA and Title VII because those statutes do not provide for liability of individual supervisors, managers, and coworkers. He has failed to state a claim under HIPAA because there is no private right of action under the Act. The Court also concludes that Mr. Nahal has failed to state a claim against the Moving Defendants under the MHRA and the Minneapolis Civil Rights Ordinance because he has not alleged facts indicating that any of the individuals he has named were his employer. As a result, the Moving Defendants' Motion to Dismiss the Second Amended Complaint should be granted.

#### A. Federal Claims

The Court construes Mr. Nahal's Second Amended Complaint and other written submissions as asserting the following federal employment-discrimination claims. Mr. Nahal alleges that, in violation of the ADA, he was discriminated against in his employment based on a disability, namely his ADHD condition. Specifically, he asserts that Allina failed to provide him with reasonable accommodations for his disability. He also asserts that he was subject to discrimination in his employment based on his nationality, his religion, and his sexual orientation[4] in violation of his rights under Title VII. In support of his Title VII claims Mr. Nahal asserts that after Allina unsuccessfully attempted to terminate his employment in 2008, incident reports

---

[4] To the extent Mr. Nahal asserts any claim in this case under Title VII based on sexual-orientation discrimination, he fails to state a claim because "Title VII does not prohibit discrimination against homosexuals." *Williamson v. A.G. Edwards & Sons, Inc.*, 876 F.2d 69, 70 (8th Cir. 1989) (per curiam); *Miller v. Board of Regents of University of Minnesota*, 2018 WL 659851, at *2 (D. Minn. Feb. 1, 2018) (citing *Williamson*, 876 F.2d at 70). However, sexual-orientation discrimination by an employer can give rise to a claim under the MHRA, and under the Minneapolis Civil Rights Ordinance. Minn. Stat. § 363A.08, subd. 2; Minneapolis, Minn. Code of Ordinances § 139.40(b).

7

and complaints were fabricated against him, he was denied career opportunities, and he was treated worse than other similarly situated pharmacists (including being subjected to frequent mandatory meetings on short notice). He also asserts a claim under HIPAA based on the assertion that other Allina pharmacy employees (Kristi Gullickson and Matt Kresl, but perhaps others) learned the name of his physician.

### ADA and Title VII

Mr. Nahal has failed to state a claim against any of the Moving Defendants under the ADA or Title VII. Each of the Moving Defendants is an individual. They consist of various pharmacy department managers, coworkers, and other Allina employees. The Moving Defendants assert that as such they cannot be held liable under ADA or Title VII. The Court agrees.

Title VII makes it "an unlawful employment practice for an employer ... to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). The Eighth Circuit has held that supervisors, coworkers, and managers are not individually liable under Title VII. *Van Horn v. Best Buy Stores, LP.*, 526 F.3d 1144, 1147 (8th Cir. 2008) ("The district court properly granted summary judgment in favor of Mr. Clark on the Title VII claim because that law does not provide for an action against an individual supervisor...."); *Bales v. Wal-Mart Stores, Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998). The reason for this rule is that "liability under [Title VII] can attach only to employers." *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994) (citing 42 U.S.C. § 2000e(b) for the definition of "employer" and affirming district court's dismissal of individual defendants who were plaintiff's coworkers). Because there are no allegations that the Moving Defendants were Mr. Nahal's employer, he has failed to state a claim under Title VII.

Title I of the ADA also prohibits discrimination by an employer against an individual because of his or her disability. 42 U.S.C. §§ 12101, 12111. The ADA's definition of employer is like the definition in Title VII. The ADA defines an employer as "a person engaged in an industry affecting commerce who has 15 or more employees … and any agent of such person." 42 U.S.C. § 12111(5)(A). The Eighth Circuit has not directly addressed whether individuals may liable under Title I of the ADA. However, several circuit courts have held the ADA definition of

8

"employer" does not permit individual liability. *Albra v. Advan, Inc.,* 490 F.3d 826, 830 (11th Cir. 2007); *Butler v. City of Prairie Village, Kan.,* 172 F.3d 736, 744 (10th Cir. 1999); *U.S. EEOC v. AIC Security Investigations, Ltd.,* 55 F.3d 1276, 1280–82 (7th Cir. 1995). And the Eighth Circuit has held that government officials cannot be sued in their individual capacities under Title II of the ADA, which "provides disabled individuals redress for discrimination by a 'public entity.'" *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999). In reaching that conclusion, the court relied on precedent from other circuits (including the decisions cited above) holding that "there is no liability under Title I against individuals who do not otherwise qualify as 'employers' under the statutory definition." *Id.* (citing *Butler*, 172 F.3d at 744, *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996), and *AIC Security*, 55 F.3d at 1280–82).

Given the similarities between the definition of "employer" in Title VII and in the ADA, the Eighth Circuit's conclusion that individual liability is not permitted under Title VII, and the Eighth Circuit's conclusion in *Alsbrook* that there is no individual liability under Title II of the ADA, this Court concludes that there is no individual liability under Title I of the ADA. Several district courts within the Eighth Circuit have reached the same conclusion. *See Kristensen v. Greatbach*, No. 11-cv-3318 (MJD/TNL), 2012 WL 4479244, at *4 (D. Minn. Sept. 28, 2012) (dismissing ADA claims against individual defendants) (citing *Alsbrook*, 184 F.3d at 1005 n.8, and *Ebersole v. Novo Nordisk, Inc.*, 1:11cv25 SNLJ, 2011 WL 6115655, at *1 (E.D. Mo. Dec. 8, 2011) (citing cases)). Because there are no allegations from which the Court could conclude that any of the Moving Defendants was Mr. Nahal's employer under the ADA, these claims should be dismissed.

For this reason, the Court concludes that Mr. Nahal has failed to state a claim against any of the Moving Defendants under the ADA or Title VII.

### HIPAA

The exact contours of Mr. Nahal's HIPAA claims are difficult to define, but as noted above, he claims that certain Defendants violated his HIPAA rights by somehow learning the identity of his doctor. The Court can reasonably infer from the factual allegations concerning this claim that Mr. Nahal seeks to recover for an interference with the privacy of his medical information. The Moving Defendants assert that any claim under HIPAA must be dismissed because there is no private right of action for violations of the Act. Again, the Court agrees.

HIPAA's purpose is, at least in part, to protect the privacy of a patient's medical records. *Mason v. Minnesota Dep't of Human Servs.*, No. 16-cv-2340 (JRT/LIB), 2017 WL 1555888, at *4 (D. Minn. Apr. 3, 2017) ("'HIPPA was enacted in order to assure an individual's right to privacy in his or her medical records.'") (quoting *In re National Hockey League Players' Concussion Injury Litigation*, 120 F. Supp. 3d 942, 953 (D. Minn. 2015)), *R&R adopted*, No. 16-cv-2340 (JRT/LIB), 2017 WL 1592318 (D. Minn. Apr. 28, 2017). However, "[c]ourts have repeatedly held that HIPAA does not create a private right in implied-right-of-action cases." *Adams v. Eureka Fire Protection Dist.*, 352 Fed. App'x 137, 138–39 (8th Cir. 2009) (per curiam) (citing *Acara v. Banks*, 470 F.3d 569, 571–72 (5th Cir. 2006) (per curiam); *Fast v. Fast*, 2007 WL 2417384, at *2 (D. Neb. Aug. 23, 2007); *Webb v. Missouri*, 2007 WL 805797, at *2 (W.D. Mo. Mar. 14, 2007); *Bradford v. Blake*, 2006 WL 744307, at *3 (E.D. Mo. March 23, 2006); *Bradford v. Semar*, 2005 WL 1806344, at *3 (E.D. Mo. July 28, 2005); *Fogle v. Mo. Dep't of Mental Health*, 2008 WL 5234757, at *2 (E.D. Mo. Dec. 15, 2008) ("Every court that has considered the issue has held that HIPAA does not create a private cause of action for violations of the act.")).

Because HIPAA does not create a private cause of action for any violations of the Act, "any possible purported claim under the HIPAA … fails a as matter of law…." *See Mason*, 2017WL 1555888, at *4. Mr. Nahal's HIPAA claims should be dismissed.

### B. State Law Claims

The Court construes Mr. Nahal's Second Amended Complaint and other filings as asserting state law claims under the MHRA and the Minneapolis Civil Rights Ordinance ("MCRO") based on the same conduct he alleged in his federal employment-discrimination claims. As noted above, these are employment-discrimination claims based on his national origin, religion, sexual orientation, and disability.

The Moving Defendants assert that Mr. Nahal's MHRA claims should be dismissed because they are time-barred and because none of the Moving Defendants were parties to Mr. Nahal's charge of discrimination filed with the Minnesota Department of Human Rights ("MDHR") and EEOC. The Moving Defendants also assert that Mr. Nahal's MCRO claims must be dismissed because he failed to exhaust his administrative remedies.

The Court declines to reach the timeliness and exhaustion arguments raised by the Moving Defendants in response to the MHRA and MCRO claims at this stage of the proceedings. These arguments raise more complicated procedural questions, which the parties' briefing does not address.[5] The Court will not consider, at this stage, whether Mr. Nahal's MHRA and MCRO claims fail because they are untimely or he failed to exhaust administrative remedies.

Unfortunately for Mr. Nahal, this does not mean that his MHRA and MCRO claims against the Moving Defendants should go forward. The Court concludes that these claims should be dismissed for failure to state a claim because Mr. Nahal has not alleged facts from which the Court could possibly infer that he had an employer/employee relationship with any of the Moving Defendants. Mr. Nahal brings his MHRA claims pursuant to Minn. Stat. § 363A.08, subd. 2, which provides that "it is an unfair employment practice for an *employer*, because of race, color, creed, religion, national origin, … disability, [or] sexual orientation … to … discharge an employee; or discriminate against a person with respect to hiring, tenure, compensation, terms, upgrading, conditions, facilities, or privileges of employment."

---

[5] For example, Mr. Nahal attached a copy of his MDHR/EEOC Charge to his original Complaint (ECF No. 1-1), which could make dismissal for failure to exhaust administrative remedies appropriate in some circumstances. *See Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 802–03 (8th Cir. 2002) (rejecting appellant's argument that the district court erred in dismissing employment-discrimination claim based on failure to exhaust without converting motion for judgment on the pleadings into a motion for summary judgment because the EEOC charge was a public record). However, it may be premature to dismiss Mr. Nahal's MHRA claims based on the Moving Defendants' argument that he failed to properly name them as respondents in the Charge. Ordinarily, failure to exhaust is an affirmative defense that a defendant must plead and prove, even in the face of the general rule that "only the respondents named in the administrative charge may be sued in a subsequent civil action." *Chappell v. Butterfield-Odin Sch. Dist. #836*, 2008 WL 4755837, at *4–5 (D. Minn. Oct. 27, 2008) (declining to grant motion to dismiss based on lack of exhaustion because "failure to exhaust is an affirmative defense"). In addition, the Moving Defendants' showing that Mr. Nahal failed to exhaust any MCRO claim is limited to a statement in their memorandum that "Plaintiff did not file an administrative charge of discrimination with the MCRO." (Defs.' Mem. at 9.) The Moving Defendants offer no support for the proposition that a plaintiff must plead exhaustion of an MCRO claim to survive a motion to dismiss under Rule 12(b)(6) or that the Court can rely on counsel's unsworn statement in dismissing such a claim.

(emphasis added); (*see* Second Am. Compl. ¶ 35.) Mr. Nahal's MCRO claims refer to a provision in the Code of Ordinances that governs "unlawful discriminatory practice[s]" of an "employer." Minneapolis, Minn. Code of Ordinances § 139.40(b); (*see* Second Am. Compl. ¶ 46.)

"To state a claim for employment discrimination and retaliation under … the MHRA or the MCRO, Plaintiffs must allege an employer/employee relationship." *Martin v. ReliaStar Life Ins. Co.*, 710 F. Supp. 2d 875, 886 (D. Minn. 2010) (citing Minneapolis, Minn. Code of Ordinances §§ 139.40(b), 139.40(m)); *see also Daud v. Gold'n Plump Poultry, Inc.*, No. 06-cv-4013 (DSD/JJG), 2007 WL 1621386, at *3 (D. Minn. May 11, 2007) ("By its plain language, an MHRA discrimination claim brought pursuant to section 363A.08 may be asserted only against a plaintiff's employer."). Mr. Nahal has not alleged an employer/employee relationship with any of the Moving Defendants. Indeed, his filings demonstrate that none of them were, in fact, his employer. (*See* Second Am. Compl.  *see also* ECF No. 12 at 1–2 (listing individual Moving Defendants' names and positions).) For this reason, the MHRA and MCRO claims against the Moving Defendants  must be dismissed.

### IV. Remaining Defendants

In their memorandum, the Moving Defendants assert that "Plaintiff has yet to serve defendants Allina, Lehlia Paschke, or Susan Shorter." (Defs.' Mem. at 1 n.1.) They argue that because "[t]he deadline for plaintiff to have served any defendants has now long passed … and, as such, they should be stricken as defendants in this case." (*Id.*) Rather than striking Ms. Paschke or Ms. Shorter from the case, the Court concludes that, for all the same reasons that the claims against the Moving Defendants should be dismissed, Mr. Nahal's claims against Lehlia Paschke and Susan Shorter should be dismissed for failure to state a claim. The Court addressed the appropriate course of action with respect to Allina in a separate Order filed shortly after the hearing. (Order (Sept. 10, 2018), ECF No. 59.)

### V. Recommendation

For the reasons discussed above, **IT IS HEREBY RECOMMENDED THAT** the Moving Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint **(ECF No. 38)** be **GRANTED** and all of Mr. Nahal's claims under the ADA, Title VII, the MHRA, and the MCRO against Kristi Gullickson, Kelly Moritz,

Matt Kresl, Matt Wolf, Michael Haight, Jen Hanson, and Anne Stern should be **DISMISSED WITH PREJUDICE** for failure to state a claim.

**IT IS FURTHER RECOMMENDED THAT** Mr. Nahal's claims against Lehlia Paschke and Susan Shorter under the ADA, Title VII, the MHRA, and the MCRO should be **DISMISSED WITH PREJUDICE** for failure to state a claim.

Date: October 4, 2018               *s/Katherine Menendez*
                                    Katherine Menendez
                                    United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.