UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ARMON NAHAL, | Case No. 18-cv-631-DWF-KMM |
| Plaintiff, | |
| v. | ORDER ON PLAINTIFF'S MOTON TO DISMISS DEFENSE COUNSEL'S REQUEST FOR DISCOVERY (ECF No. 88) |
| ALLINA HEALTH SYSTEM, | |
| Defendant. | |

This matter is before the Court on Armon Nahal's "Motion to Dismiss Defense Counsel['s] Request for Discovery." ECF No. 88. The Court construes this submission as a motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c) because Mr. Nahal asks the Court to prevent the defendant, Allina Health System ("Allina"), from obtaining discovery regarding a disability application he filed with the Social Security Administration. Fed. R. Civ. P. 26(c)(1)(A) (providing that a party may move for a protective order and that the court may, for good cause shown, protect a person from annoyance, embarrassment, oppression, or undue burden or expense including "forbidding the ... discovery"). Allina argues that it served a document request seeking information related to Mr. Nahal's SSA application and that Mr. Nahal has refused or been unable to provide the requested documents. Allina further contends that Mr. Nahal should be ordered to sign an authorization for release of the information from the SSA. Allina asserts that Mr. Nahal claimed he cannot provide additional documentation because he may have disposed of his own copies after he filed his SSA application. Finally, Allina asks that the discovery period be briefly extended for the limited purpose of allowing it to seek records from the SSA. Letter from Eric Mosvick to Menendez, M.J. (Mar. 29, 2019) (on file with the Court); Letter from Eric Mosvick to Menendez, M.J. (Apr. 4, 2019) (on file with the Court).

For three reasons concerning the proportionality of discovery and based on the undersigned's involvement in the parties' pre-trial litigation of this case since discovery began, the Court finds that there is good cause to issue a protective order. First, even if Allina is correct that Mr. Nahal's SSA application is relevant to its defenses, its

1

"importance in resolving the issues" is marginal.[1] Fed. R. Civ. P. 26(b)(1). Second, the Court discovery concerning Mr. Nahal's SSA application will be largely cumulative of other information that Allina has already obtained. Allina suggests that the information will aid it in showing that Mr. Nahal's alleged damages are limited and in challenging his credibility. However, Allina has already received substantial discovery in this case that will allow it to prepare its defense on these issues. Finally, though Allina suggests that requiring Mr. Nahal to execute an authorization for the release of this information from the SSA is appropriate given his potential failure to preserve relevant documents, there has been no showing that Mr. Nahal has intentionally disposed of any evidence in his possession for the purpose of concealing the truth. Given the marginal importance of the SSA application to resolving the issues and the cumulative nature of the discovery sought, the fact that Mr. Nahal may not to have kept documentation of his SSA application does not persuade the Court that additional resources need to be expended so that Allina can turn over one final stone in discovery.

Accordingly, **IT IS HEREBY ORDERED THAT** Mr. Nahal's "Motion to Dismiss Defense Counsel['s] Request for Discovery," **ECF No. 88** is **GRANTED**. Mr. Nahal is not required to execute an authorization for the release of records from the SSA and the Court will not extend the discovery deadline so that Allina can obtain additional document discovery relating to Mr. Nahal's SSA application.

Date: April 17, 2019            *s/Katherine Menendez*
                                                      Katherine Menendez
                                                      United States Magistrate Judge

---

[1] Allina has previously indicated in communications with the Court that it intends to file a motion for summary judgment in this matter. If such a motion is ultimately denied and this case goes to trial, nothing in this Order should be read to preclude Allina from arguing that questions regarding Mr. Nahal's disability application are appropriate for purposes of trial. Any decisions about admissibility can be resolved by the District Court.