UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ARMON NAHAL, | Case No. 18-cv-631-DWF-KMM |
| Plaintiff, | |
| v. | PROTECTIVE ORDER REGARDING SUMMARY JUDGMENT SUBMISSIONS |
| ALLINA HEALTH SYSTEM, | |
| Defendant. | |

---

This matter is before the Court *sua sponte* for the entry of a protective order concerning the electronic filing of information in connection with the defendant's anticipated motion for summary judgment. *See, e.g.*, *Flagg ex rel. Bond v. City of Detroit*, 268 F.R.D. 279, 310 n.9 (E.D. Mich. 2010) (noting that district courts have the authority to enter protective orders *sua sponte* as reflected in the language of Fed. R. Civ. P. 26(c)); *Applied Materials, Inc. v. Advanced Micro-Fabrication Equip. (Shanghai) Co.*, No. C07-5248 (JW/PVT), 2008 WL 183520, at *1 (N.D. Cal. Jan. 18, 2008) ("Under F.R.C.P. 26(c) and the inherent discretion of a court to manage its own discovery, a court may *sua sponte* issue a protective order.").

Here, Armon Nahal asserts, among other things, that Allina Health System ("Allina") violated the Americans with Disabilities Act in connection with Mr. Nahal's employment and eventual termination. Ordinarily, in a case like this one, parties negotiate a blanket protective order early in the proceedings that gives each side the right to designate certain material as confidential so that it cannot be used for purposes other than the litigation and will not be disclosed except to certain authorized persons. These blanket protective orders facilitate the flow of information between opponents in litigation because they give some assurance to the producing party that potentially private information will not be made publicly available without some opportunity to weigh in on its disclosure.

Unlike in the ordinary case, there is no blanket protective order here, which is likely due, at least in part, to the fact that Mr. Nahal is a non-lawyer litigating this matter *pro se*. However, during discovery Mr. Nahal has produced a fair amount of his own medical information to Allina. Medical records such as these are frequently the type of documents that a party will designate as confidential pursuant to a blanket

protective order because they contain intimate private details regarding an individual's health that generally should not be disclosed to the public. Given Mr. Nahal's status as a *pro se* litigant, he likely did not know that a procedural mechanism exists that would potentially protect his medical information from public disclosure.

Though there is no indication in the record that Allina or its counsel have misused or disseminated any of Mr. Nahal's medical information, it appears Allina will be filing a motion for summary judgment within the next two months. Because it is likely that Allina will use information that should be treated as confidential in support of its summary-judgment motion, the Court finds there is good cause to issue a protective order.

Accordingly, this Protective Order requires Allina to treat Mr. Nahal's medical information as though it was marked confidential pursuant to the form stipulation for a protective order available on the District of Minnesota's website: http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.pdf. Such confidential medical records may be used only in this action and may only be revealed to the list of persons identified in paragraph 3 of the form stipulation cited above. Further, if Allina relies upon information concerning Mr. Nahal's current or past medical condition in support of any dispositive motion, including the anticipated motion for summary judgment, Allina is required to treat such information as "confidential information" pursuant to D. Minn. LR 5.6(c). This may require that such information be filed under temporary seal in compliance with D. Minn. LR 5.6(d) in connection with any dispositive motion.

Date: April 17, 2019

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge