**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Armon Nahal,   Civil No. 18-631 (DWF/KMM)

          Plaintiff,

v.   **ORDER**

Allina Health System,

          Defendant.

This matter is before the Court on *pro se* Plaintiff Armon Nahal's objections (Doc. No. 132) to Magistrate Judge Katherine M. Menendez's November 18, 2019 Report and Recommendation (Doc. No. 127) insofar as it recommends that Allina's Motion for Summary Judgment (Doc. No. 98) be granted and this action be dismissed with prejudice. Defendant filed a Response to Plaintiff's Rule 72 Objections to the Report and Recommendation. (Doc. No. 135.) Plaintiff has also filed various self-styled notices, requests, and letters (Doc. Nos. 133, 134, 136, 137, 138, 139, 141).

The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objections. In the Report and Recommendation, the Magistrate Judge concluded that Defendant Allina Health System's Motion for Summary Judgment should be granted and that this action be dismissed with prejudice. More specifically, the Magistrate Judge considered Plaintiff's Title VII, Minnesota Human Rights Act ("MHRA"), Minnesota Civil Rights Ordinance ("MCRO"), and Americans With Disabilities Act ("ADA") claims against his former employer, Allina, wherein Plaintiff, a

former pharmacist for Allina, alleges discrimination and retaliation based on his membership in a number of classes—Iranian nationality, Muslim religion, homosexuality, and ADHD. With respect to these claims, the Magistrate Judge concluded the following: (1) Plaintiff's MHRA claims are appropriately dismissed because Plaintiff did not file this action within the applicable statute of limitations and Plaintiff did not argue that equitable tolling or waiver should apply; (2) Plaintiff's MCRO claims are appropriately dismissed because Plaintiff failed to exhaust his administrative remedies and his complaint is untimely; and (3) Plaintiff failed to establish a prima facie case of discrimination with respect to his sexual orientation, national origin, and religion; and, in particular, that Plaintiff failed to provide evidence that could lead a reasonable jury to find gives rise to an inference of discrimination based on any of those categories. (Doc. No. 127.)

In addition, the Magistrate Judge recommended granting summary judgment on Plaintiff's ADA disability discrimination and retaliation claims. First, the Magistrate Judge found that Plaintiff's ADA claims, insofar as they are based on a 2015 request for accommodation, are time-barred. (*Id*. at 9.) Second, the Magistrate Judge explained that Plaintiff's remaining ADA disability discrimination claims fail on the merits because Plaintiff has failed to establish a prima facie case of discrimination based on disability and, in the alternative, cannot demonstrate that his requested accommodation was reasonable on its face or that Defendant was acting in bad faith during the interactive process. (*Id*. at 10-13.) Finally, with respect to Plaintiff's ADA retaliation claim, the Magistrate Judge found that there is no evidence in the record to support the contention

that his termination was done in retaliation for his requests for accommodation and, indeed, there is strong evidence to rebut that contention. (*Id*. at 13-14.) In sum, the Magistrate Judge recommended that all of Plaintiff's claims be dismissed on summary judgment.

Plaintiff now objects to the Magistrate Judge's Report and Recommendation. (Doc. No. 132.) In his objection, Plaintiff focuses mainly on his ADA claims, but spends little time on his claims of sexual orientation, religious, and national origin discrimination. In general, Plaintiff's objections are non-specific, as they do not address specific portions of the Magistrate Judge's Report and Recommendation. Instead, Plaintiff appears to combine arguments from separate documents, references exhibits without attaching them or making it clear to what he is referring, makes arguments that appear to pertain to the dismissal of allegations outside of the scope of the Report and Recommendation, and raises allegations unrelated to his objections to the Report and Recommendation. Relevant to the Report and Recommendation, Plaintiff objects generally to: the dismissal of certain of his claims for failure to meet procedural requirements (the MHRA and MCRO claims); the Magistrate Judge's finding that he failed to establish a prima facie case of discrimination with respect to sexual orientation, national origin, and religion; and the Magistrate Judge's finding that Plaintiff's ADA claims fail as a matter of law.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule

72.2(b).[1] After carefully considering Plaintiff's objections and Defendant's arguments in response, the Court finds no reason to depart from the Magistrate Judge's recommendations, which are both legally and factually correct.[2] First, the record demonstrates that Plaintiff's MHRA claims are time-barred, and that his MCRO claims are appropriately dismissed for failure to exhaust administrative remedies. In addition, Plaintiff has failed to point to record evidence that a reasonable jury could find gives rise to an inference of discrimination based on any of the alleged protected categories. Finally, the record shows that Plaintiff's ADA claims, insofar as they are based on a 2015 request for accommodation, are time-barred, and his remaining ADA disability discrimination and retaliation claims fail on the merits. Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Plaintiff's objections (Doc. No. [132]) to Magistrate Judge Katherine M. Menendez's November 18, 2019 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Katherine M. Menendez's November 18, 2019 Report and Recommendation (Doc. No. [127]) is **ADOPTED**.

---

[1] Defendants argue that the Court should review the Report and Recommendation for clear error because Plaintiff makes only non-specific objections and repeats arguments already presented to and considered by the Magistrate Judge. The Court need not determine whether it would be appropriate to review this matter for clear error because the Magistrate Judge's Report and Recommendation is properly adopted under a *de novo* review.

[2] Nothing in Plaintiff's various additional filings (Doc. Nos. 133, 134, 136, 137, 138, 139, 141) changes the Court's decision.

3. Allina's Motion for Summary Judgment (Doc. No. [98]) is **GRANTED**; and

4. This action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 20, 2020

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge