United States Court of Appeals
For the Eighth Circuit
_____

No. 20-1498
_____

Armon Nahal

*Plaintiff - Appellant*

v.

Allina Health System; Kristi Gullickson; Kelly Mortitz; Matt Kresl, former Pharmacy manager; Matt Wolff; Michael Haight, Hospital Pharmacist; Lehlia Paschke, Former HR Rep. for the Pharmacy Department at Abbott Hospital, currently retired.; Susan Shorter, Registered oncology nurse at Abbott Hospital; Jen Hanson, Hospital Pharmacist; Anne Stern, Hospital Pharmacist; Christy Gullickson, Pharmacy manager and now Pharmacy director; Kelly Morris, clinical pharmacist; Matt Wolf, city manager; Paul Glynn, former Pharmacy manager

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: December 16, 2020
Filed: April 1, 2021
[Unpublished]
_____

Before GRUENDER, ERICKSON, and KOBES, Circuit Judges.
_____

PER CURIAM.

Armon Nahal claims Allina Health System refused to grant him a reasonable accommodation and fired him in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. We affirm the district court's[1] grant of summary judgment to Allina.

After Nahal sued Allina Health System and several employees in district court, the magistrate judge recommended dismissal of all individual defendants, Nahal's HIPAA claim, and allegations of general harassment. The district court adopted the magistrate judge's report and recommendations. Allina then moved for summary judgment on Nahal's ADA claims, and his claims of nationality, religious, and sexual orientation discrimination under Title VII, the Minnesota Human Rights Act, and the Minnesota Civil Rights Ordinance. The magistrate judge recommended granting Allina's motion and the district court agreed. Nahal appeals the grant of summary judgment for his ADA failure-to-accommodate, discriminatory termination, and retaliatory termination claims. We review de novo. <u>Higgins v. Union Pac. R.R. Co.</u>, 931 F.3d 664, 669 (8th Cir. 2019).

Nahal, a pharmacist, is diagnosed with Post-Traumatic Stress Disorder and Attention Deficit/Hyperactivity Disorder. He says that Allina knew of his disability when he started working in 2005 and that tardiness and irritability are symptoms of his diagnoses. Nahal claims he was fired because of his disability and in retaliation for his disability claims. Allina says that Nahal was fired for insubordination after he refused to attend a meeting with his supervisor, a union representative, and a human resources manager.

We review a failure to accommodate claim under a modified burden-shifting analysis. Nahal must first demonstrate that reasonable accommodation is possible because (1) Allina knew that he was disabled; (2) Nahal requested an

---

[1] The Honorable Donovan W. Frank, Senior United States District Court Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Katherine Menendez, United States Magistrate Judge for the District of Minnesota.

-2-

accommodation; (3) Allina failed to engage in a flexible and informal interactive process with him about possible accommodations; and (4) Nahal's disability could have been reasonably accommodated had the interactive process taken place. Garrison v. Dolgencorp, LLC, 939 F.3d 937, 941 (8th Cir. 2019) (citation omitted) (cleaned up). The burden then shifts to Allina "to show that it is unable to accommodate" the request. Brunckhorst v. City of Oak Park Heights, 914 F.3d 1177, 1182 (8th Cir. 2019).

Nahal has no evidence that Allina did not engage in a flexible and informal interactive process about his request to randomly arrive late to work. Nahal first gave Allina a generally addressed letter that said "[b]ecause of [Nahal's] attention and concentration problems he is often late for appointments," but ignored Allina's three written requests to complete an accommodation form and his physician's recommendation that he undergo neuro-psych testing. Nahal knew the process because Allina had earlier granted two of his disability-related requests—adjusting his schedule and modifying his work station.

The breakdown in the interactive accommodation process was not because of Allina. Nahal did not provide any medical documentation to clarify his disability, explain the resulting limitations on his work, or suggest a reasonable accommodation. See Kratzer v. Rockwell Collins, Inc., 398 F.3d 1040, 1045 (8th Cir. 2005) (finding that an employee failed to request an accommodation when she did not obtain an updated physical exam); see also Lipp v. Cargill Meat Sols. Corp., 911 F.3d 537, 546 n.9 (8th Cir. 2018) (commenting that a company policy requiring medical verification is not unreasonable).

Nahal also says that Allina fired him "because he resisted meeting to yet again discuss the nature and severity of his disability and its tardiness symptom, at least until after an upcoming doctor's appointment in just 3 days' time." Reply Br. 7. When a plaintiff supplies no direct discrimination evidence, we address disability-discrimination claims with the burden-shifting framework from McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Oehmke v. Medtronic, Inc., 844 F.3d 748, 755

(8th Cir. 2016). Nahal must show that (1) he was disabled; (2) he was qualified; and (3) "a causal connection between an adverse employment action and the disability." Id. The burden then shifts to Allina to demonstrate "a legitimate, nondiscriminatory reason for the adverse action." Id. Last, Nahal must show that Allina's proffered reason was pretext for discrimination. Id.

Nahal fails to show any "causal connection between an adverse employment action and the disability." Id. Allina disciplined Nahal because, among other things, he had been tardy 89 times and absent 4 times in a six-month time period. See Greer v. Emerson Elec. Co., 185 F.3d 917, 921 (8th Cir. 1999) (noting that most jobs require "regular and reliable" attendance). He was also placed on a performance improvement plan because he refused to process prescription changes, called a floor nurse "useless," referred to a coworker as a "money whore," called other coworkers "IV room bitches," asked a coworker if he was "off [his] meds," and repeated to another coworker that "I just hate white people." Allina Br. 8–9. Nahal was fired for misconduct and no reasonable jury could find that the evidence in this case shows a causal connection between Nahal's termination for insubordination and his disability or ADA claims. See Kiel v. Select Artificials, Inc., 169 F.3d 1131, 1136 (8th Cir. 1999) (holding that the "ADA confers no right to be rude" and that insulting coworkers and angry outbursts "erode[] any causal connection" with the plaintiff's firing).

Finally, retaliation claims require a but-for connection between Nahal's assertion of ADA rights and the adverse action. Oehmke, 844 F.3d at 755. We do not view multiple meetings about tardiness, disrespectful communications, and pharmacy procedure as retaliation—at least not without further evidence. Nothing suggests that Nahal would not have been fired for insubordination but for his request for accommodations and resistance to following through on medical testing.

We affirm the district court's grant of summary judgment.

_____

-4-