UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Armon Nahal,                                              Civil No. 18-631 (DWF/KMM)

        Plaintiff,

v.                                                                        MEMORANDUM
                                                                     OPINION AND ORDER
Allina Health Services et al.,

        Defendants.

## INTRODUCTION

This matter is before the Court on Plaintiff Armon Nahal's Motion to Review Clerk's Cost Judgment. (Doc. No. 153 ("Motion").) Defendants Allina Health Services et al. ("Allina") oppose the Motion. (Doc. No. 157 ("Def. Opp.").)

## BACKGROUND

On November 18, 2019, Magistrate Judge Katherine M. Menendez filed a Report and Recommendation to grant summary judgment in favor of Defendants and to dismiss with prejudice all of Nahal's claims against them. (Doc. No. 127 ("Report and Recommendation").) This Court adopted the Report and Recommendation on February 20, 2020.[1] (Doc. No. 143 ("Order").) Thereafter, Allina filed a Bill of Costs ("Bill of Costs") with the clerk, seeking payment of $1,889.85 for fees related to

---

[1] The Eighth Circuit affirmed this Court's Order on April 1, 2021. (Doc. Nos. 163, 164.)

deposing Nahal. (*See* Doc. Nos. 148, 149.) Nahal did not object to the Bill of Costs.[2] The clerk entered judgment in favor of Allina in the amount of $1,838.35.[3] (Doc. No. 150 ("Cost Judgment").) Nahal timely moved for review of the Cost Judgment.[4] (Motion.)

## DISCUSSION

Under 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d), the Court has "substantial discretion" in awarding costs to a prevailing party. *Zotos v. Lindbergh*, 121 F.3d 356, 363 (8th Cir. 1997). Unless a federal statute, rule, or court provides otherwise, "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Nahal has the burden to show that the cost judgment "is inequitable under the circumstances." *Concord Board Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) (internal quotation marks and citation omitted).

Nahal argues that the Court should deny costs related to his deposition because the costs were not necessary for Allina's defense of his case, and because the costs would cause him to suffer financial hardship. (Doc. No. 155 ("Pl. Memo.") at 2-4.) He asserts that because the Report and Recommendation cited less than 20 of the more than

---

[2] Nahal represented himself *pro se* on this matter until he attained *pro bono* counsel to assist him with his appeal to the Eighth Circuit. It is unclear whether he obtained counsel before or after his objection to the Bill of Costs was due.

[3] The Clerk denied $51.50 in fees related to handling and delivery as not taxable. (Cost Judgment.)

[4] The Court deferred ruling on the Motion pending Nahal's appeal to the Eighth Circuit.

250-page deposition transcript, primarily to establish background information that could have been established through other means, the deposition was not critical to the Court's analysis.[5]  (*Id.* at 3.)  Nahal further argues that the costs would impose a financial hardship because he was previously granted *in forma pauperis* status and he is currently unemployed.[6]  (*Id.* at 3-4.)

Allina contends that Nahal waived any objection to its Bill of Costs by failing to timely object before the clerk entered its Cost Judgment.  (Def. Opp. at 3-5.)  Allina further argues that even if the Court considers Nahal's untimely objections, they are without merit because his deposition was critical to its success on summary judgment and Nahal cannot meet his burden to show that the Cost Judgment is inequitable when he provides no documentation or evidence to support his claim.  (*Id.* at 7-10.)

The Court affirms the Cost Judgment in its entirety.[7]  "A judge or clerk of any court of the United States may tax as costs . . . fees for printed or electronically recorded transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  While Nahal

---

[5]   Nahal asks that all fees related to the deposition be denied, or at least limited to the 20 pages actually cited in the Report and Recommendation.  At $3.50 per page, and $45 for the Court reporter, Nahal asserts that an appropriate taxable cost is $115.  (Pl. Memo. at 3.)

[6]   In contrast to his own financial constraints, Nahal asserts that Allina "is a large hospital and clinic system with over $4 billion in annual revenue and millions in annual operating income."  (*Id.* at 3-4.)

[7]   Because it is unclear when Nahal obtained counsel, the Court grants deference to Nahal as a *pro se* litigant and considers his Motion on the merits despite his untimely objections.

contends that his deposition was not critical to Allina's ultimate success, the Court still finds that it was "necessarily obtained for use in the case."[8] 28 U.S.C. § 1920(2).

The Court also finds that Nahal fails to show that the Cost Judgment is inequitable under the circumstances. *Concord Board Corp.*, 309 F.3d at 498 (8th Cir. 2002). The fact that Nahal was previously granted *in forma pauperis* status does not in itself preclude a subsequent cost judgment. *See* 28 U.S.C. §1915(a)(1) ("Judgment may be rendered for costs at the conclusion of the suit or action as in other proceedings."). While Nahal states that the Cost Judgment is inequitable because he is unemployed, he does not provide any form of evidence or documentation that the Cost Judgment would pose a financial hardship.

The Court is further unpersuaded that the Cost Judgment is inequitable because Allina has more resources. *See Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983) (affirming partial cost judgment against plaintiff despite his limited financial resources). Nahal chose to bring suit against Allina; in doing so, he risked incurring related costs. The Court finds nothing excessive or unfair about taxing him with fees related to a deposition Allina necessarily obtained to defend itself against the lawsuit.

---

[8] The Court does not concede that Nahal's deposition was irrelevant to Allina's success on summary judgment; however, it also notes that had this case continued, Nahal's deposition would have been necessary to prepare for trial and to lay the foundation for other evidence.

## CONCLUSION

The Court finds that Allina's deposition of Nahal was necessarily obtained for use in this case and that there is nothing inequitable under the circumstances to bar taxing Nahal with related costs. Therefore, the Court affirms the Cost Judgment in its entirety.

## ORDER

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. Plaintiff Armon Nahal's Motion to Review Clerk's Cost Judgment. (Doc. No. [153] is **DENIED**.

2. The Cost Judgment in favor of Allina Health System against Armon Nahal (Doc. No. [150]) is **AFFIRMED** in the full amount of $1,838.35.

Dated: July 30, 2021           s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge